UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| STEPHEN MOORE, | Case No. 3:26-cv-00013 |
| Plaintiff, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Caroline H. Gentry |
| CITY OF DAYTON LAW DEPARTMENT, *et al.*, | |
| Defendants. | |

## ORDER FOR AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Stephen Moore recently submitted a *pro se* civil rights Complaint and related documents to this Court. He alleges, among other things, that he "is being unlawfully restrained from providing life-saving care to his 90-year-old disabled mother, Rocine Moore, based on a [state] charge that is legally void under Ohio law." (Complaint, Doc. No. 1-1 at PageID 7.) This case has been assigned to District Judge Thomas M. Rose. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order No. DAY 21-01.

Currently pending before the Court is Plaintiff's Application to proceed *in forma pauperis* and without prepaying the fees to file the case. ("IFP Application," Doc. No. 1 at PageID 1-3.) For the reasons explained below, the IFP Application is deficient and Plaintiff must file an Amended Application.

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The total

fee amount is $405, which consists of a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, District Court Miscellaneous Fee Schedule, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited January 14, 2026). This filing fee is generally due and paid when the case is opened and the case will not proceed until payment is made. However, a plaintiff "who cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Crump*, 121 F.4th at 1110 (citing § 1915(a)-(b)).

"Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate that he should be granted *in forma pauperis* status." *Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 3509656, at *2 (S.D. Ohio May 17, 2023), *report and recommendation adopted*, 2023 WL 4042170 (S.D. Ohio June 16, 2023). "A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form." *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022).

Here, the IFP Application appears to be incomplete. (Doc. No. 1.) Plaintiff states, under penalty of perjury, that he is not currently employed and has not been employed since 2012. (*Id.* at PageID 2.) He indicates that he has not "received any income from a business,

2

profession or other form of self-employment, or in the form of rent payments, retirement benefits, annuity payments, interest or dividends, or <u>any other source</u>" in the past twelve months. (*Id.* [emphasis added].) He further states that he has no assets or "cash on hand or money in a savings, checking, or other account." (*Id.* at PageID 3.) Nevertheless, Plaintiff states that he pays five monthly bills totaling several hundred dollars per month. (*Id.*) It is unclear how Plaintiff supports himself and pays these bills with no income, assets, or other money. Given this incongruity, the Court cannot determine whether Plaintiff should be allowed to proceed *in forma pauperis* in this case.

The Court **ORDERS** Plaintiff to complete <u>fully</u> and <u>accurately</u> an Amended Application to proceed *in forma pauperis* and then submit it to this Court **by <u>January 28, 2026</u>**. If he fails to respond to this Order, the undersigned may recommend to the District Judge that his IFP Application be denied, or that the case be dismissed due to failure to comply with a Court order. In the alternative, Plaintiff may pay $405 to the Clerk of Court by **<u>January 28, 2026</u>**.

Plaintiff is **ADVISED** that he must notify the Court if his mailing address changes while this case is pending. He may wish to review the resources for *pro se* parties on the Court's website. *See* https://www.ohsd.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

                                            *s/Caroline H. Gentry*
                                            Caroline H. Gentry
                                            United States Magistrate Judge