# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEPHEN MOORE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:26-cv-13 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| CITY OF DAYTON | : | Magistrate Judge Caroline H. Gentry |
| LAW DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## ENTRY AND ORDER DISMISSING ACTION FOR LACK OF JURISDICTION

Now before the Court is Plaintiff's Response to Order to Show Cause Regarding Subject Matter Jurisdiction ("Response") (Doc. No. 35).  In this matter, *pro se* Plaintiff Stephen Moore ("Moore") challenges the constitutionality of events surrounding a charge brought against him in the Dayton Municipal Court for the misdemeanor of criminal trespass.  (Doc. No. 1-1 at PageID 7.)  Upon initial review, the Court found that Moore failed to adequately allege the Court's subject matter jurisdiction.  (Doc. No. 16 at PageID 53-54.)  In the interest of justice, the Court ordered Moore to show cause why his case should not be dismissed for lack of subject matter jurisdiction, on January 22, 2026.  (*Id.*)  In Response, Moore attests that this case involves serious civil rights claims, rather than a simple attack on orders of the Dayton Municipal Court.  (Doc. No. 35 at PageID 77.)  Ultimately though, the Court's jurisdictional concerns are not assuaged by Moore's Response and, for the reasons stated below, the Court **DISMISSES** Moore's case for a lack of subject matter jurisdiction.

1

I. **BACKGROUND**

To reiterate the Court's prior Order to Show Cause, Moore was allegedly arrested for trespassing at his elderly mother's place of abode on December 1, 2025. (Doc. No. 1-1 at PageID 7.) In addition, Moore alleges that his mother's landlord stole $700 from him before calling the police to arrest Moore for trespassing. (*Id.*) The City of Dayton proceeded to prosecute Moore for trespass and, in a case that is currently still pending, the Dayton Municipal Court allegedly entered a no contact order barring Moore from being present at his mother's address. (*Id.*) By filing the instant Complaint, Moore seeks to have the Court enjoin the state court's no contact order and find his mother's landlord liable for theft. (*Id.*) Since filing his Complaint, Moore has submitted an amendment thereto, which adds a vague allegation that the Dayton Police validated Moore's position on Monday, January 26, 2026. (*See* Doc. No. 42 at PageID 100.)

On January 21, 2026, the Court granted Moore leave to proceed *in forma pauperis* (Doc. No. 13) and the Court swiftly screened Moore's Complaint. On January 22, 2026, the Court found that Moore had failed to adequately establish the Court's subject matter jurisdiction and ordered Moore to show cause why his case should not be dismissed accordingly. (Doc. No. 16 at PageID 53-54.) Moore timely responded to the Court's order to show cause on January 27, 2026. (Doc. No. 41.)

II. **ANALYSIS**

Moore claims that the Court possesses jurisdiction to hear his claims under 28 U.S.C. § 1331, for jurisdiction predicated on the presence of a federal question, and 28 U.S.C. § 1343, granting federal courts original jurisdiction over civil rights cases. (Doc. No. 35 at PageID 77.) The Court notes that Moore does not claim to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Nevertheless, Moore contends that the Court must exercise jurisdiction to enjoin

the criminal prosecution against him in the Dayton Municipal Court due to the existence of extraordinary circumstances. (Doc. No. 35 at PageID 78.) Specifically, Moore appears to claim that Defendants have promulgated a state-created danger, which requires federal intervention. (*Id.* at PageID 77.)

Again, federal district courts possess subject matter jurisdiction over matters raising a question of federal law. 28 U.S.C. § 1331. Additionally, under 28 U.S.C. § 1343, federal district courts are given original jurisdiction over civil rights claims. Though, whether jurisdiction is alleged by way of Section 1331 or Section 1343, district courts are generally without jurisdiction to review the final judgments of a state court, as such federal jurisdiction tends to lie exclusively with the Supreme Court of the United States. *See RLR Invs., LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 385 (6th Cir. 2021). Similarly, "federal district courts don't have jurisdiction over appeals of interlocutory state-court orders." *Id.* In this regard, Moore's claim of extraordinary circumstances is irrelevant. The Court does not have jurisdiction to enjoin the Dayton Municipal Court's orders.

What is more, federal district courts must typically abstain from "staying or enjoining pending state court proceedings except under special circumstances." *Childress v. City of Cincinnati, Ohio*, 765 F. Supp. 3d 662, 687 (S.D. Ohio 2025) (quoting *Powers v. Hamilton Cnty. Pub. Def. Comm'n.*, 501 F.3d 592, 605 (6th Cir. 2006)) (internal quotation marks omitted). Here, where Moore does not explicitly ask the Court to enjoin a state court order, he bases his civil rights claims on the assertion that he is not guilty of criminal trespass. (*See* Doc. No. 42 at PageID 98.) The Court finds this to be precisely the scenario in which it is obligated to abstain. If Moore is not guilty, he must make that case to the Dayton Municipal Court.

Indeed, Moore cannot establish exceptional circumstances to infringe upon Dayton Municipal Court's jurisdiction by virtue of the state-created danger doctrine. To successfully lay claim to the state-created danger doctrine requires three showings: "that the state actor took an affirmative act that created or increased the risk that the plaintiff would experience private acts of violence"; "that the risk was special to the plaintiff as distinguished from the public at large"; and, "that the state actor acted with the requisite culpability." *Steeb v. Ehart*, — F.4th —, 2026 WL 194498, at *3 (6th Cir. Jan 26, 2026) (citations and internal quotation marks omitted) (cleaned up). Moore fails at the first prong. Even assuming Moore's allegations to be true, he has nowhere claimed or otherwise indicated that he or his alleged ward face any risk that they will experience private acts of violence.

Consequently, the Court finds itself to be without jurisdiction to hear Moore's case, and, even were the Court to possess jurisdiction, abstention is required here.

### III.     CONCLUSION

Based on the foregoing, the Court hereby **DISMISSES** Moore's Complaint (Doc. No. 14) and his Amended Complaint (Doc. No. 42), as neither document adequately alleges the Court's subject matter jurisdiction. Moore's remaining motions (Doc. Nos. 8, 11, 18, 25, 27, 29, 41) are **DENIED AS MOOT**. The Clerk of Court is directed to **TERMINATE** this matter on the Court's docket. Finally, pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that any appeal of this decision would not be taken in good faith and, therefore, should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 29, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE